IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEX FIGUEROA,
on behalf of himself and others similarly
situated,

    Plaintiff,

vs.                                          **COLLECTIVE ACTION**

NO PRESSURE ROOF CLEANING LLC, a
Florida Limited Liability Company, and
PAUL B. GUITARD, an individual,

    Defendants.
_____/

## COMPLAINT

### INTRODUCTION

    1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff ALEX FIGUEROA, and all others similarly situated to him who were formerly or are currently employed as spray technicians by Defendants NO PRESSURE ROOF CLEANING LLC, (hereinafter, "NO PRESSURE") and PAUL B. GUITARD.

    2.    Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to them, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendants NO PRESSURE and PAUL B. GUITARD. Plaintiff, on his own behalf, seeks damages for unlawful retaliation for being terminated after complaining to Defendants about not receiving overtime compensation, in violation of 29 U.S.C. § 215.

    3.    Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendants NO PRESSURE and PAUL B. GUITARD,

and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Palm Beach County, Florida and within the Southern District of Florida.

## PARTIES

6. Plaintiff ALEX FIGUEROA (hereinafter "Plaintiff" or "FIGUEROA") was, at all material times, a resident of Palm Beach County, Florida and was employed as an hourly wage spray technician Defendants NO PRESSURE and PAUL B. GUITARD for their roof cleaning business in Palm Beach County, Florida, until his separation from employment on January 23, 2017.

7. Defendant PAUL B. GUITARD, (hereinafter "GUITARD"), who resides in the Southern District of Florida, was, and still is, an owner and/or operator of Defendant NO PRESSURE.

8. Defendant GUITARD acted and acts directly in the interests of Defendant NO PRESSURE, in relation to its employees, including the Plaintiff and all others similarly situated, in that GUITARD hired spray technicians, set their pay rate, determined their work schedule, and ultimately terminated many employees. Thus, GUITARD was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

9. At all times material, Plaintiff was an employee of Defendants NO PRESSURE and GUITARD within the meaning of the FLSA.

10. At all times material, during Plaintiff's employment with Defendants NO PRESSURE and GUITARD, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and utilized tools and equipment that were manufactured in other states outside of Florida.

11. At all times material, Defendant NO PRESSURE was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant, NO PRESSURE is a Florida Limited Liability Company doing business throughout South Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207. At all times pertinent to this Complaint, NO PRESSURE operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and NO PRESSURE obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## FACTUAL ALLEGATIONS

12. The allegations in Paragraphs 1 through 11 are incorporated as if fully stated herein.

13. Plaintiff is a non-exempt former employee of Defendants NO PRESSURE and GUITARD who worked as an hourly wage spray technician for Defendants' roof cleaning business located in Palm Beach County, Florida.

14. From on or about December 2011 until January 23, 2017, Plaintiff worked more than 40 hours per week during nearly every week of his employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff was paid only straight time and Plaintiff was not paid for all hours worked.

15. Defendants violated the FLSA by failing to pay Plaintiff for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

16. Defendants pay all of their hourly wage employees in the same fashion. There are at least fifty other current and former employees who were paid only straight time for overtime hours, and are thus owed the half-time premium as well. In addition, these similarly situated individuals were not paid for all hours worked, and are therefore owed the full time and half overtime rate for many, if not all of these hours.

17. Defendants' time keeping practices do not comply with the FLSA because their workers are not paid for certain pre-shift and post-shift activities that are required to be performed by Defendants, are not de minimis, and ultimately are compensable because the work performed benefits the Defendants' business. Such pre-shift and post-shift activities include cleaning the company work truck and equipment, filling the company work truck with water and chemicals, and reconciling payments received from customers.

# LEGAL CLAIMS
## COUNT I (as to Plaintiff and those similarly situated):
## Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by All Defendants

18. The allegations in Paragraphs 1 through 17 are realleged and fully incorporated by reference herein.

19. By its actions alleged above, Defendants NO PRESSURE and GUITARD, willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

20. As a result of the unlawful acts of Defendants Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former spray technician employees who were employed by Defendants, and who were paid hourly. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B. To declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C. To declare that Defendants' violations of the FLSA were willful;

D. To award Plaintiff and other similarly situated current and former employees of

Defendants adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E.  To award Plaintiff and other similarly situated current and former employees of Defendants liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F.  If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.  To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H.  To award Plaintiff and other similarly situated current and former employees of Defendants their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II (as to Plaintiff FIGUEROA only)
## Retaliatory Discharge in Violation of 29 U.S.C. § 215 by All Defendants

21.  Plaintiff realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 20 above.

22.  Plaintiff, at several times during the course of his employment with Defendant, complained about not receiving compensation for all compensable hours.

23..  On or about January 22, 2017, Plaintiff advised GUITARD that he owed him and all other employees overtime compensation.

24.  The very next day, Plaintiff was taken off of the schedule and effectively terminated by Defendants.

25.  Defendants' actions as more particularly described above were directly related to and in response to Plaintiff's various complaints about his pay, since there are no other justifiable reasons for Defendants' adverse employment action.

26.  Plaintiff's complaints about his pay constitute statutorily protected conduct under

Section 15(a)(3) of the FLSA.

27. Defendants' adverse treatment of Plaintiff was a direct result of Plaintiff's public opposition to Defendant's pay practices.

28. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

29. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

   a. All lost wages that are due, including pre-judgment interest;

   b. As liquidated damages, an amount equal to lost wages

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant:

   A. awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

   B. awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

   C. reinstatement to his previous position at the same rate of pay;

   D. awarding Plaintiff his costs, including a reasonable attorney's fee; and

   E. granting such other and further relief as is just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: April 21, 2017
Plantation, Florida

    Respectfully submitted,

/s/**_Robert S. Norell_**
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff ALEX FIGUEROA